NATHAN FISHALOW, demandante y recurrido, *v.* ESCAMBRÓN DEVELOPMENT CORPORATION y JACK BOLÍVAR, demandados y recurrente la primera.

Número: 12381.   Resuelto: 15 de septiembre de 1961.

*René Benítez,* abogado de la demandada y recurrente; *F. Fernández Cuyar,* abogado del demandado Jack Bolívar; *Brown, Newsom & Córdova,* abogados del recurrido.

Sala integrada por el Juez Asociado señor Hernández Matos, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: El demandante-recurrido instó acción por daños y perjuicios contra la Escambrón Development Corporation y Jack Bolívar como consecuencia de éstos no haber cumplido con los términos de un contrato celebrado entre ellos. La demandada radicó una reclamación contra el codemandado Bolívar, donde solicitaba se condenara a éste a pagarle cualquier cantidad que ella viniera obligada a satisfacerle al demandante. Celebrado el juicio, se declaró con lugar la demanda y sin lugar la reclamación contra coparte. La Escambrón Development Corporation recurre ante nos.

Bolívar y la Escambrón Development celebraron un contrato para la gerencia del centro de diversión que la referida corporación posee en esta capital. En dicho contrato se estableció que ambos contratantes deberían ponerse de acuerdo para seleccionar la persona a cargo de la contabilidad del negocio, mientras que el auditor lo seleccionaría la corporación. De la prueba surge que Bolívar le informó a Modesto Bird, Tesorero-Director de la corporación, su intención de contratar los servicios del demandante, para llevar los libros de contabilidad y que Bird no objetó la selección. Fue después, cuando Bird le comunicó al auditor de la corporación, Jaime Montoya, que se pusiera de acuerdo con Bolívar para organizar la contabilidad del Escambrón, que surgieron las dificultades que motivaron este pleito. Montoya entendió que a él se le había encomendado lo mismo que Bolívar había convenido con el demandante, y así se lo comunicó a Bird. De ahí surgió la decisión de informarle a Bolívar que el demandante no era aceptable y que debían ponerse de acuerdo en cuanto a otro contable que trabajara de hecho, bajo las órdenes de Montoya en la misma forma que lo hacía otro contable en la firma que operaba el Hotel Normandie. La corporación presentó prueba para sostener que Bolívar nunca le informó de su intención de contratar al demandante pero la corte a quo dirimió el conflicto en su contra.

Estableciendo la prueba que Bolívar consultó con el representante autorizado de la corporación antes de contratar los servicios del demandante y no habiendo éste objetado, surge la responsabilidad de indemnizarle por los daños y perjuicios sufridos con motivo del incumplimiento.

En cuanto al monto de los daños, el tribunal de instancia los estimó en $5,100, pero la recurrente sostiene que deben reducirse en el monto de los ingresos que tuvo el demandante durante el período de vigencia del contrato. Ahora, la dificultad con esta contención estriba en que el demandante probó a satisfacción del tribunal de instancia, que de acuerdo con los términos del contrato, él pudo haber cumplido en el mismo y realizar a la vez las otras labores que le produjeron los ingresos que la corporación alega deben deducirse de la suma concedida por concepto de daños. Siendo ello así, no procede reducción alguna.

*Se confirma la sentencia apelada.*